PER CURIAM
| granted. The ruling of the district court denying the motion to suppress in-culpatory statements is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.
Under La.C.Cr.P. art. 703(D), the “state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.” Under La. Const, art. 1, § 13, “[w]hen any person has been arrested ... , he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel.” Similar requirements for an advisement of rights by police have been imposed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
On a motion to suppress where the “facts are not in dispute, the reviewing court must consider whether the trial court came to the proper legal determination under the undisputed facts.” State v. Bernard, 09-1178, p. 16 (La.3/16/10), 31 So.3d 1025, 1035, quoting State v. Pham, 01-2199, p. 4 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218.
12Here, it is undisputed that the defendant was arrested for allegedly shoplifting and was questioned by another officer who was called to the scene to assist. The state adduced no evidence to indicate that the defendant was advised of her rights by the officers who initially arrested her for shoplifting. Indeed, the assisting officer who arrived after the defendant’s arrest, when queried as to whether the defendant had been advised of her rights by the arresting officers, denied any knowledge of the defendant being advised of her rights, testifying: “That, I don’t know. You’d have to ask the responding officers.”
The officer who had arrived after the defendant’s arrest searched the defendant’s purse and found pills wrapped in paper. The pills were later identified as a Schedule IV controlled substance. The officer asked the defendant about the ownership of the pills and whether the defendant had been prescribed the pills. The defendant gave inculpatory responses. The occurrence of these events was undisputed at the suppression hearing and was apparently confirmed at the hearing by video and audio footage from the officer’s “body cam.”
Notably, the officer testified to the following chronology that undeniably establishes the defendant was not advised of her rights prior to her being questioned at the scene about the contents of her purse:
Q. Eventually, you found a small, little purse inside of the bigger purse, right?
A. I believe so. I’d have to refer to the video. I believe so.
Q. You opened up that one and inside of the little purse you found a rolled up piece of paper, right?
*153 A. I do recall the two pills being in paper, yes.
Q. And then you unwrapped the paper?
A. Yes.
Q. And that’s when you discovered the pills?
A. Yes.
Q. Now, as soon as you learned that these were prescription drugs, that’s when you put Ms. Caston in the back of a police car?
_JA. It’s a possibility. I’d have to recall the video.
Q. Well, that’s when you read Ms. Ca-ston her Miranda rights, right?
A. No.
Q. You had not yet read Ms. Caston her Miranda rights at that point, had you?
A. Correct.
Q. So it was after finding the pills, right?
A. I read her her rights back at the police station....
For these presently undisputed events, the state has not provided, nor are we aware of, any exception to the straightforward application of Miranda, by which the defendant’s inculpatory statements, made as the result of custodial interrogation at the scene of her arrest, must be suppressed. See Miranda, 384 U.S. at 492, 86 S.Ct. 1602. See also State v. Montejo, 06-1807, p. 20 (La.5/11/10), 40 So.3d 952, 966.
KNOLL, J., would deny.
CLARK, J., dissents and assigns reasons.